**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC PURVIS,

    *Plaintiff,*

v.

CITY OF NEWARK, et al,

    *Defendants.*

Civil Action No. 16-1830

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court motion to dismiss filed by Defendants Sergeant Hussein Sara; Detectives Pablo Gonzalez and Debbie Teixeira; and Officers Sandro Colon, Josue Duran, Eladio Luciano, and Anthony Scala (collectively, the "individual officer Defendants"), as well as the City of Newark (the "City"). D.E. 3. Plaintiff Eric Purvis filed a brief in opposition to which Defendants replied. D.E. 6, 9. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is **GRANTED**.

**I.**    **FACTS AND PROCEDURAL HISTORY**

    This matter arose due to an altercation between Plaintiff and his neighbors, and Plaintiff's resulting arrest and indictment. On February 4, 2013, Newark police officers responded to multiple 911 calls reporting that a Hispanic man and a black man each had a gun, were involved in a fight, and that shots were fired on Elliott Street in Newark, New Jersey. Compl. ¶¶ 15-25. The details of the altercation are disputed, however, it is clear that Plaintiff and non-party Porfirio de Jesus Abrue Ramos, and other members of Abrue Ramos family were involved.

1

Defendant Scala's incident report states that Plaintiff hit Abrue Ramos in the head, knocking Abrue Ramos to the ground and causing a laceration on his head; then Plaintiff went to his vehicle, got a handgun, and pointed it at Abrue Ramos. *Id.* ¶ 34. The report continues that after Plaintiff pointed the gun at Abrue Ramos' mother and father, Abrue Ramos and/or his father shot at Plaintiff a combined five times. *Id.* ¶¶ 52-54. Plaintiff alleges that the incident report "is inaccurate on documenting the details of the assault."[1] *Id.* ¶ 43. Most importantly, Plaintiff denies that he possessed a handgun and states that there is no evidence that Plaintiff fired shots from the gun he was alleged to possess. *Id.* ¶¶ 47, 62. Plaintiff, however, does concede that after he was placed in a police car, he "indicated to Officer Duran that he went to get a gun because the male across the street had a gun and was shooting at him." *Id.* ¶ 71. In addition, Plaintiff contends that Abrue Ramos' brother hit him in the head with a machete, causing Plaintiff to bleed profusely, and that Abrue Ramos' mother hit Plaintiff with a pipe causing bruising to his chest area and stomach. *Id.* ¶¶ 35-37.

Plaintiff alleges that when he first observed Defendant Duran, "[Duran] was speaking Spanish to Abrue Ramos in an overly friendly way" and "[b]ased on how Defendants were speaking to Abrue Ramos, Plaintiff believed they knew each other." *Id.* ¶¶ 75-76. Abrue Ramos

---

[1] Defendants' statement of facts includes multiple references to the arrest and incident report that is referenced in Plaintiff's complaint. For example, Defendants' maintain that Abrue Ramos' father fired a handgun on the night in question not Abrue Ramos. Plaintiff's complaint is not clear as to who fired the gun. In deciding a motion to dismiss, a court ordinarily considers only the factual allegations, exhibits attached to the complaint, and matters of public record. A court, however, may rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citation omitted). Here, Plaintiff did not include the report as an exhibit to his complaint, it is not integral, and Plaintiff does not explicitly rely upon its substance. In fact, Plaintiff expressly states that the report is inaccurate. Compl. ¶ 43. Therefore, the Court will not consider the report in deciding the current motion. *See, e.g., Brown v. Mount Laurel Township*, No. 13-6455, 2016 WL 5334657, at *5 n.5 (D.N.J. Sept. 21, 2016) (refusing to consider police report and medical examiners report that were included in defendants' motion to dismiss where complaint challenged the contents of the reports).

2

was not placed in a police car, arrested, or charged by Defendants. *Id.* ¶¶ 64, 73. Officer Duran, however, arrested Plaintiff, who was ultimately charged with unlawful possession of a weapon, possession of a weapon for an unlawful purpose, resisting arrest, and possession of hollow point bullets. *Id.* ¶¶ 69. In August 2013, a state grand jury returned a nine-count indictment against Plaintiff based on the February 4 incident.2 *Id.* ¶ 79. Plaintiff's case eventually proceeded to jury trial on July 23, 2014 and the jury found him not guilty on all counts. *Id.* ¶ 83. Plaintiff, however, was incarcerated for a total of two years and nine months while awaiting trial. *Id.* ¶ 80.

Plaintiff filed his complaint on April 1, 2016, asserting a state law malicious prosecution claim (Count Two) and the following claims pursuant to 42 U.S.C. Section 1983: (1) Fourth Amendment Malicious Prosecution (Count One); (2) Fourteenth Amendment Civil Rights Violations (Count Three); (3) Fourteenth Amendment Selective Enforcement (Count Four); and (4) a *Monell* claim (Count Five). D.E. 1. Defendants then moved to dismiss the complaint in its entirety. Defendants' individual arguments will be addressed at length below, but generally, they argue that the state law claim must be dismissed because Plaintiff failed to file a notice of claim, and all of the Section 1983 claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and because they are barred by the statute of limitations. *See generally* Defs' Br., D.E. 3.

## II.   LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual

---

2 The complaint does not specifically establish that Plaintiff was indicted. Rather, it only states that on April 24, 2014, Plaintiff attended a pre-arraignment hearing on a nine-count indictment that resulted from the February 4, 2011 incident. *Id.* ¶ 79. Because it is a matter of public record, the Court will take judicial notice of the August 2013 indictment. *See U.S. Express Lines Ltd.*, 281 F.3d at 388; *Venkataram v. Office of Info. Policy*, No. 09-6520, 2013 WL 3871730, at *10 (D.N.J. July 25, 2013) (stating that indictment was a matter of public record).

3

matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### 1. CLAIMS AGAINST THE CITY

At the outset, Defendants argue that Plaintiff's claims against the Newark Police Department must be dismissed because city police departments are not separate entities that are subject to suit. Defs' Br. at 10 (citing *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004). Plaintiff agrees to withdraw his claims against the Newark Police Department because it is not a proper entity. Plf's Br. at 16. The claims against the Newark Police Department, therefore, are dismissed with prejudice.

Defendants also seek to dismiss, as to the City, the claim for punitive damages because the City cannot be liable for punitive damages under the Tort Claims Act (the "TCA") or Section 1983. Defs' Br. at 11 (citing *Joyce v. City of Sea Isle City*, No. 04-5345, 2008 WL 906266, at *25 (D.N.J. Mar. 31, 2008)). Plaintiff agrees. Plf's Br. at 16. While a motion to strike, as opposed to a motion

to dismiss, is the more appropriate vehicle for striking a remedy sought, the Court will grant the Defendants' request.

As for the claims asserted against the City, Defendants argue that Counts One through Four must be dismissed because they are based on a theory of vicarious liability. Defs' Br. at 18-19. In addition, Defendants contend that the *Monell* claim,[3] Count Five, should be dismissed because "it is composed solely of legal conclusions and conclusory allegations." *Id.* at 19.

A municipality cannot be liable under Section 1983 for the acts of its employees on the basis of *respondeat superior*. *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978)). Rather, to hold a municipality liable, a plaintiff must demonstrate that the violation of rights was caused by a municipality's policy or custom. *Id.* To sufficiently state a claim based on a municipal policy or custom, a plaintiff must plead that the policy or custom "violates the Constitution or . . . while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees." *Id.* (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1027 (3d Cir. 1991)).

Here, Counts One through Four are dismissed as to the City because they are premised on a theory of vicarious liability; Plaintiff does not allege that the wrongdoing was caused by the City's policy or practice. Turning to the *Monell* claim, the complaint states that the City "instituted policies and procedures . . . with indifference to the constitutional rights of the citizens of New Jersey" that included "maliciously arresting, detaining, and prosecuting citizens . . . so as to create and promote an atmosphere where employees . . . are instructed to engage in the practices without

---

[3] In *Monell v. Dep't Soc. Servs. of City of N.Y.* "the Supreme Court established that municipalities and other government entities were 'persons' subject to liability under 42 U.S.C. § 1983." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (citing *Monell*, 436 U.S. 658, 690-92 (1978)).

probable cause." Compl. ¶¶ 120-21. Plaintiff, however, fails to plead any further details about these alleged policies or procedures, and provides no other facts to support his claim. Because threadbare recitations of the elements of a *Monell* claim are insufficient, this claim is dismissed as it is not plausibly pled. *See, e.g., Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing claim against city because plaintiff failed to plead facts demonstrating the existence of a policy or custom).

### 2. NEW JERSEY STATE LAW MALICIOUS PROSECUTION CLAIM

Defendants argue that Count Two, the New Jersey malicious prosecution claim, is barred because Plaintiff failed to file a notice of claim with the City, as required by the "TCA. Defs' Br. at 11-12. Plaintiff concedes that he never filed a notice of claim for any of the claims asserted against Defendants. Plf's Br. at 16. Plaintiff, however, contends that this claim should not be dismissed because it arises out of the New Jersey Constitution and constitutional claims are not covered by the TCA. *Id.* at 16-17.

A party that asserts a tort claim seeking damages from a public entity or employee must comply with the TCA, which requires that party to file a notice of claim within ninety days of the claim's accrual. *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 146 (2013); N.J.S.A. 59:8-8. In most cases, a claimant "shall be forever barred from recovering against a public entity or public employee" if he fails to file a timely notice of claim. N.J.S.A. 59:8-8. The "[f]ailure to file a notice of claim is a ground for dismissal at the motion to dismiss stage." *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016). (citing *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. App. Div. Oct. 24, 2014)). Claims based on the New Jersey Constitution, however, are not subject to the TCA. *Garlander v. Verbeke*, 223 F. Supp. 2d 596, 604 (D.N.J. 2002); *Garcia v. New Jersey*, No. 06-435,

2006 WL 3490348, at *3 (D.N.J. Dec. 1, 2006).

Despite Plaintiff's representations that his state malicious prosecution claim is premised on the New Jersey Constitution, there is not a single reference to the state constitution in the complaint. Moreover, the Supreme Court of New Jersey has stated that malicious prosecution is a tort. *See Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 394 (2009) (indicating that malicious prosecution is a "recognized tort"). Consequently, the Court views Count Two as a tort claim. Because Plaintiff concedes that he did not file a notice of claim, this count is dismissed.

### 3. FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

Defendants maintain that Plaintiff's Section 1983 malicious prosecution claim must be dismissed because Plaintiff fails to plead facts that establish the requisite elements for this claim. Defs' Br. at 25-31. To state a Section 1983 malicious prosecution claim, a plaintiff must plead with sufficient particularity that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) "the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F. 3d 75, 81-82 (3d Cir. 2000) (citation omitted).

In this instance, Plaintiff's complaint is lacking for numerous of reasons. For example, Plaintiff fails to sufficiently plead that Defendants initiated the criminal proceeding without probable cause. At a minimum, Plaintiff fails to state whether any of the individual officer Defendants initiated the criminal proceeding against him.[4] In addition, a "grand jury indictment

---

[4] As a whole, Plaintiff fails to allege the personal involvement of the individual officer Defendants in the alleged wrongdoing. Rather, the complaint largely refers to the Defendants collectively. To sufficiently state a Section 1983 claim against an individual, a complaint must plead facts demonstrating how he was personally involved. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). "Personal involvement can be shown

7

or presentment constitutes *prima facie* evidence of probable cause of prosecute, this presumption will only be overcome by evidence that the presentment was procured by fraud, perjury or other corrupt means." *Milton v. Bruno*, No. 15-1527, 2016 WL 7177603, at *3 (D.N.J. Dec. 9, 2016) (quoting *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989)) (internal quotation marks omitted); *see also Allen v. N.J. State Police*, No. 16-1660, 2017 WL 899914, at *6 (D.N.J. Mar. 7, 2017) ("[T]he [c]omplaint fails to establish [Defendant Officer's] allegedly unconstitutional search and seizure was a proximate cause of his injuries because his conviction was the result of [a]n intervening independent judicial review."). In this matter, Plaintiff a grand jury indicted Plaintiff months after his initial arrest. Plaintiff has not alleged that the indictment was faulty or that the grand jurors lacked probable cause to indict him.5

Moreover, even based on Plaintiff's alleged version of the February 4 incident, there was probable cause for the individual officer Defendants to arrest him. The Newark Police Department received multiple 911 calls reporting an altercation where at least one caller reported that two males had guns and shots were fired (Compl. ¶¶ 17-22), both Abrue Ramos and Plaintiff were injured when the police arrived at the scene (*id.* ¶¶ 34, 39), and a witness at the scene reported that Plaintiff pointed a gun at Abrue Ramos and his mother and father (*id.* ¶ 49). *See, e.g., Land v. Helmer*, 843 F. Supp. 2d 547, 550 (D.N.J. 2012) (defining probable cause as "reasonable grounds for suspicion supported by circumstances sufficiently strong in themselves to warrant an ordinarily

---

through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207.

5 In New Jersey, unlike the federal system, a criminal defendant has a right to the grand jury transcripts regarding his charges. If Plaintiff believed that the grand jury lacked probable cause to indict him or that some other fatal error occurred before the grand jury, a motion to dismiss the indictment would seem to be logical. Here, Plaintiff has not alleged that he made such a motion much less that it was granted.

8

cautious [person] in the belief that the accused is guilty of the offense with which he is charged." (quoting *Lind v. Schmid*, 67 N.J. 255, 263 (1975)). The gist of Plaintiff's claim is that the police should have believed him, as opposed to the Abrues, at the scene and that the officers should have done a more thorough investigation. However, these arguments do not mean that the police lacked probable cause. Because Plaintiff fails to establish multiple required elements to state a Section 1983 malicious prosecution claim, Count One is dismissed.6

### 4. FOURTEENTH AMENDMENT CIVIL RIGHTS VIOLATION

Plaintiff frames his Fourteenth Amendment civil rights claim as a "class-of-one" claim. Plf's Br. at 23. To make out such a claim, Plaintiff must establish that (1) Defendants treated him differently from others similarly situated; (2) Defendants did so intentionally; and (3) there was no rational basis for the difference in treatment. *Thomas v. Coopersmith*, 663 F. App'x 120, 123 (3d Cir. 2016) (quoting *Hill v. Borough of Kutztown*, 455 F. 3d 225, 239 (3d Cir. 2006)). "[G]eneral accusations and the invocation of the Equal Protection Clause are not enough" to survive a motion to dismiss. *First Ave. Realty, LLC v. City of Asbury Park*, No. 09-6321, 2013 WL 5913659, at *7

---

6 Defendants raise a legitimate argument that the malicious prosecution claim is barred by the statute of limitations. Defs' Br. at 15-17. In response, Plaintiff argues that the statute of limitations should be equitably tolled because he was incarcerated. Plf's Br. at 19-21. The Court will not address this argument because Plaintiff fails to adequately plead a malicious prosecution claim. The Court notes, however, that based on the limited facts provided by Plaintiff, equitable tolling does not seem appropriate. *See, e.g., Scales v. Newark Police Dep't*, No. 16-413, 2016 WL 1435716, at *4 (D.N.J. Apr. 12, 2016) (concluding that incarceration is not a sufficient basis to toll claims); *Durham v. Sherer*, No. 03-3571, 2006 WL 2128129, at *3 (D.N.J. July 26, 2006) ("The fact of incarceration and [self-representation], standing alone, are unusual circumstances, not extraordinary ones, for persons seeking [habeas] relief, and they do not warrant equitable tolling."); *Brown v. N.J. State Prison*, No. 15-5669, 2015 WL 6122156, at *3 (D.N.J. Oct. 16, 2015) ("Even if Petitioner's alleged ignorance, combined with the strictures of his early prison life with limited access to outside help, were sufficient to establish extraordinary circumstances, which this Court does not find, he has failed to show that he exhibited reasonable diligence."). If, however, Plaintiff repleads a plausible claim, the Court will consider granting the parties limited discovery to address Plaintiff's equitable tolling argument.

(D.N.J. Oct. 31, 2013). Although there is no precise formula to determine whether individuals are similarly situated, Plaintiff does not provide any facts that indicate who he is similarly situated with or how he was treated differently from these apparently similar people. Without any factual allegations as to these details, Plaintiff fails to state a class-of-one claim. *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 238-39 (3d Cir. 2010). Consequently, this claim is dismissed.

### 5. FOURTEENTH AMENDMENT SELECTIVE ENFORCEMENT CLAIM

Defendants also argue that the Section 1983 selective enforcement claim must be dismissed because Plaintiff fails to state a claim. Defs' Br. at 24, 29-31. To state a selective enforcement claim, a plaintiff must plead that (1) he was treated differently compared with similarly situated individuals; and (2) "the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Kirkland v. Morgievich*, No. 04-1651, 2008 WL 5272028, at *8 (D.N.J. Dec. 16, 2008) (quoting *Zahra v. Southhold*, 48 F.3d 674, 683 (2d Cir. 1995). As with the class-of-one claim, Plaintiff fails to plead who he is similarly situated with and how he was treated differently. Further, Plaintiff does not plead sufficient facts to establish that the selective treatment was motivated by a discriminatory purpose or was in bad faith. Plaintiff's sole allegation as to this element is that Defendant Duran was speaking Spanish in an "overly friendly way" to Abrue Ramos, such that Plaintiff thought that they knew each other. Compl. ¶¶ 75-76. This is simply not enough to constitute a plausible claim. As a result, this count is also dismissed pursuant to Rule 12(b)(6).[7]

---

[7] Defendants also make a colorable argument that the selective enforcement claim is time-barred. Defs' Br. at 14. Plaintiff contends that this count is not barred because it did not accrue until after his trial. Plf's Br. at 20-21. Again, the Court will not address the parties' statute of limitations arguments because the selective enforcement claim is insufficient under Rule 12(b)(6). The Court notes, however, that Plaintiff's argument is not based on factual allegations contained in complaint.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [D.E. 3] is **GRANTED**. The Newark Police Department is dismissed as a defendant in this matter with prejudice and the prayer for punitive damages as to the City is stricken from the complaint. The individual counts, however, are dismissed without prejudice to allow Plaintiff an opportunity to file an amended complaint. Plaintiff has thirty (30) days to file an amended complaint if he so chooses. An appropriate Order accompanies this opinion.

Dated: March 16, 2017

John Michael Vazquez, U.S.D.J.

---

A plaintiff cannot amend his complaint through a brief. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied*, 470 U.S. 1054 (1984)).