**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC PURVIS,

    *Plaintiff*,

v.

CITY OF NEWARK, et al,

    *Defendants*.

Civil Action No. 16-1830

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on a motion to dismiss Plaintiff's Amended Complaint filed by Defendants Sergeant Hussein Sara; Detectives Pablo Gonzalez and Debbie Teixeira; and Officers Sandro Colon, Josue Duran, Eladio Luciano, and Anthony Scala (collectively "Defendants"). D.E. 14. Plaintiff Eric Purvis ("Plaintiff") filed a brief in opposition, D.E. 17, to which Defendants replied. D.E. 18. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY[1]**

On March 16, 2017, the Court granted Defendants' motion to dismiss Plaintiff's original Complaint. D.E. 10, 11. The Court dismissed the Newark Police Department from the matter with

---

[1] For the purposes of the pending motion, the Court need not retrace this case's factual and procedural history. The Court issued a thorough opinion, D.E. 10, addressing Defendants' motion to dismiss Plaintiff's original Complaint, which included a detailed recounting of the background of this matter.

prejudice.[2] *Id.* The Court dismissed all other counts against Defendants without prejudice. *Id.* As to those counts, the Court gave Plaintiff leave to file an amended complaint within thirty days addressing the deficiencies noted in the Court's opinion, if he so chose. *Id.*

Plaintiff filed his First Amended Complaint ("FAC") on April 14, 2017. D.E. 12. Defendants then filed their motion to dismiss the FAC. D.E. 14. Plaintiff opposed the motion, D.E. 17, to which Defendants replied, D.E. 18.

## II. Legal Standard

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements

---

[2] The parties agreed to strike Plaintiff's request for punitive damages as to the City of Newark from the Complaint. Because the Court was dismissing Plaintiff's Complaint, the Court ordered Plaintiff to not seek such punitive damages in an amended complaint, if he chose to file one. D.E. 11.

2

of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. In deciding a motion to dismiss the Court may also consider any "document integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation & emphasis omitted)). Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. LEGAL ANALYSIS

In the opinion and order addressing the first motion to dismiss, the counts dismissed without prejudice included a Fourth Amendment malicious prosecution claim, a Fourteenth Amendment civil rights violation claim, and a Fourteenth Amendment selective enforcement claim. D.E. 10, 11. In his FAC, Plaintiff re-pled each of the counts the Court dismissed without prejudice. Plaintiff, however, did not cure any of the deficiencies to make these three counts plausibly pled in his FAC. In fact, Plaintiff made no substantial changes in his FAC. The few minors changes Plaintiff made are insufficient to make the counts plausibly pled.

For example, in his FAC, Plaintiff recites the allegation that Defendant Scala stated that it was Plaintiff who caused a laceration to Abrue Ramos's ("Mr. Ramos") head and then retrieved a handgun. FAC ¶ 31. Plaintiff then adds in the FAC that "Defendant Scala had no reasonable basis to make that statement." *Id.* ¶ 32. A little more than twenty paragraphs later, Plaintiff repeats this pattern. He re-alleges that Defendant Scala made statements concerning the fight between Plaintiff and Mr. Ramos. *Id.* ¶¶ 49-53. Plaintiff then adds in the FAC that "Defendant

3

Scala had no reasonable basis to make any of the foregoing statements. To the contrary, all physical evidence is in direct contravention of Defendant Scala's aforementioned statements." *Id.* ¶ 54. These alterations to the FAC do not contain sufficient factual matter to make the counts plausible. Instead, they are merely conclusory statements.

The other changes to the FAC are even less substantial. Thus, in light of the Court's first detailed opinion dismissing Plaintiff's Complaint and the lack of substantive and sufficient changes made to Plaintiff's FAC, the Court grants Defendants' motion to dismiss. The Court must also decide whether it will grant Plaintiff another opportunity to file an amended complaint.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or *futile*." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008) (emphasis added). Similarly, Federal Rule of Civil Procedure 15 invokes a liberal approach to amendment and states that "leave shall be freely given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486–87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility* of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix,* 865 F.2d 1422, 1431 (3d Cir. 1989).

The Court finds that any further amendment of the complaint would be futile. In its initial opinion, the Court set forth in detail the alleged facts, the governing law, and the deficiencies of the initial Complaint. D.E. 10. Plaintiff has made no good faith effort to address any of the noted deficiencies, instead making nominal and immaterial alterations in the FAC. As a result, the Court determines that Plaintiff did not make the necessary changes because Plaintiff could not in good faith do so. Therefore, Count I (Fourth Amendment malicious prosecution claim), Count II (a Fourteenth Amendment civil rights violation claim), and Count III (a Fourteenth Amendment selective enforcement claim) are dismissed with prejudice.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (D.E. 14) is GRANTED. The FAC is dismissed with prejudice. An appropriate Order accompanies this opinion.

Dated: December 15, 2017

                                                    _____
                                                    John Michael Vazquez, U.S.D.J.